UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BECKY KIGER, derivatively on behalf of QUALCOMM INCORPORATED,<br>Plaintiff,<br>v.<br>STEVE MOLLENKOPF, et al.,<br>Defendants,<br>and<br>QUALCOMM INCORPORATED,<br>Nominal Defendant. | Case No.: 20-CV-1355 TWR (MDD)<br>**ORDER (1) GRANTING JOINT MOTION TO CONSOLIDATE RELATED ACTIONS, AND (2) DENYING AS MOOT THE APPOINTMENT OF LEAD COUNSEL FOR PLAINTIFFS**<br>(ECF No. 3) |
| HEATHER NELSON, derivatively on behalf of QUALCOMM INCORPORATED,<br>Plaintiff,<br>v.<br>STEVE MOLLENKOPF, et al.,<br>Defendants. | |

and

QUALCOMM INCORPORATED,

Nominal Defendant.

Before the Court is the Joint Motion to Consolidate Related Actions and Request for Appointment of Lead Counsel for Plaintiffs. ("Joint Motion," ECF No. 3.) The Joint Motion asks the Court to (1) consolidate two cases, *Kiger v. Mollenkpf, et al.*, No. 3:20-cv-01355 and *Nelson v. Mollenkopf, et al.*, No. 3:20-cv-01417, and (2) appoint Bottini & Bottini, Inc. ("Bottini") as Plaintiffs' Lead Counsel in the consolidated action. Both parties agree that the two cases are related under Local Civil Rule 40.1 and request that the Court consolidate them under Federal Rule of Civil Procedure 42. For the reasons set forth below, the Court **GRANTS** the Joint Motion to Consolidate the Related Actions and **DENIES AS MOOT** the Appointment of Bottini & Bottini, Inc. as Lead Counsel for Plaintiffs.

**A. Motion to Consolidate**

District courts have broad discretion to consolidate cases that involve a "common question of law or fact." Fed. R. Civ. P. 42(a); *see also Inv'rs Research Co. v. U.S. Dist. Court for Cent. Dist. of California*, 877 F.2d 777, 777 (9th Cir. 1989). In exercising this discretion, courts consider the "saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Diaz v. Univ. of S. California*, No. CV204066DMGPVCX, 2020 WL 5044419, at *3 (C.D. Cal. July 17, 2020) (quoting *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984)).

Here, consolidation is appropriate. Both cases arise from the same set of facts and assert the same claims against the same Defendants. Indeed, the two complaints are nearly identical. Thus, consolidation would save significant time and effort and produce little, if any, "inconvenience, delay, or expense." *Huene*, 743 F.2d at 704. The Court

therefore **GRANTS** the Joint Motion to Consolidate the Related Cases.

**B. Appointment of Lead Counsel**

The Joint Motion also requests that the Court appoint Bottini as Plaintiffs' lead counsel. Here, the Court finds no reason to do so. Bottini is the only counsel involved in the two separate cases seeking consolidation. Thus, even after consolidation, Bottini has no other firm to lead. *See Stoll v. Ardizzone*, No. 07-cv-00911-CM (S.D.N.Y. July 7, 2007) (granting the consolidation of two identical derivative lawsuits filed by the same law firm on behalf of two different shareholder clients but denying as moot the motion to appoint lead counsel because "there are no other plaintiffs' lawyers in the case"). The Court finds the appointment of lead counsel unnecessary and therefore **DENIES AS MOOT** the Joint Motion to Appoint Bottini as Lead Counsel.

**C. Conclusion**

For the foregoing reasons, the Court **GRANTS** the Joint Motion to consolidate the related actions and **DENIES AS MOOT** Plaintiffs' request to appoint Bottini & Bottini, Inc. as lead counsel. Plaintiffs **MUST** designate an operative complaint or file a consolidated complaint <u>on or before February 10, 2021</u>. The parties must caption any new filings with Lead Case No. 20-CV-1355 TWR (MDD).

**IT IS SO ORDERED.**

Dated: January 12, 2021

Honorable Todd W. Robinson
United States District Court